IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNY ADAMS                                                                                    PLAINTIFF

vs.                                              Civil No. 4:14-cv-04156

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Johnny Adams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on July 19, 2012.  (Tr. 140-149).  In his applications, Plaintiff alleges being disabled due to sleep apnea, high blood pressure, and polycythemia vera.  (Tr. 183).  Plaintiff alleges an onset date of March 1, 2010.  (Tr. 11).  Plaintiff's applications were denied initially and again upon reconsideration.  (Tr. 140-146).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 92-93, 106-113). Plaintiff's administrative hearing was held on August 21, 2013 in Texarkana, Arkansas. (Tr. 26-43). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Jerry Hillberry testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-one (41) years old. (Tr. 30). This age qualifies as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). As for his education, Plaintiff also testified he had only completed the eighth grade in school. *Id.*

On September 23, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 30, 2010[2], his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: polycythemia, insomnia, sleep apnea, and benign hypertension with a history of congestive heart failure. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the

---

[2] September 30, 2010 appears to be incorrect. It appears the ALJ intended this date to actually be March 1, 2010, Plaintiff's stated alleged onset date. (Tr. 11).

2

ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no climbing ladders, ropes or scaffolds.  The claimant is also to avoid exposure to unprotected heights and hazardous moving machinery.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 20, Finding 6). Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a drywall worker and as a self-employed framer as those jobs were actually performed.  *Id.*  Because Plaintiff retained the capacity to perform this PRW, the ALJ determined he had not been under a disability, as defined by the Act, from March 1, 2010 through the date of his decision or through September 23, 2013.  (Tr. 21, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 7).  The Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  On November 21, 2014, Plaintiff filed his Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 21, 2014.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises two issues for reversal: (A) the ALJ erred in failing to properly assess his polycythemia vera under Listing 7.09; and (B) the ALJ erred in finding he could perform work at all exertional levels. ECF No. 10 at 1-18. In her response, Defendant argues the ALJ properly considered Listing 7.09 when evaluating Plaintiff's alleged disability, and Defendant argues the ALJ properly assessed Plaintiff's RFC and PRW. ECF No. 11 at 1-15. The Court will address both of Plaintiff's arguments for reversal.

**A.     Listing 7.09**

Plaintiff claims the ALJ erred "in failing to properly assess Plaintiff's polycythemia vera under Listing 7.09." ECF No. 10 at 3-12. Upon careful review of 20 C.F.R. pt. 404, subpt. P, app. 1 § 7.00, there is no longer a separate listing for 7.09. Instead, according to the guidelines in Listing 7.00, polycythemia vera should be evaluated under Listings 3.00 (Respiratory System), 4.00 (Cardiovascular System), or 11.00 (Neurological System). These provisions require the presence of polycythemia vera along with an additional impairment.

For instance, for Plaintiff to qualify under one of the provisions of Listing 3.00, Plaintiff would be required to provide evidence of polycythemia vera *and* chronic pulmonary insufficiency (3.02), asthma (3.03), cystic fibrosis (3.04), pneumoconiosis (3.06), bronchiectasis (3.07), mycobacterial mycotic and other chronic persistent infections of the lung (3.08), cor pulmonale secondary to chronic pulmonary vascular hypertension (3.09), sleep-related breathing disorders (3.10), or a lung transplant (3.11). Here, although Plaintiff provides a few general references to medical records, he has not provided specific evidence demonstrating he meets the requirements of any one of these Listings. *See* ECF No. 10. Plaintiff has the burden of demonstrating his impairments meet the requirements of one of these Listings. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Here, Plaintiff has not demonstrated his impairments meet all the requirements of any one of these Listings.

Further, even under the prior Listing 7.09, Plaintiff still has not demonstrated his impairments meet the requirements of that listing. According to Plaintiff, Listing 7.09 requires a demonstration of polycythemia vera *and* another impairment:

> Listing 7.09: Polycycthemia vera (*with erythrocytosis, splenomegaly, and leukocytosis or thrombocytosis*): Evaluate the resulting impairment under the criteria for the affected body system.

(emphasis added). Here, Plaintiff has not demonstrated he has another impairment (erythrocytosis, splenomegaly, and leukocytosis or thrombocytosis) in addition to his polycythemia vera which would be required for him to establish he meets the requirements of the prior version of Listing 7.09. Thus, because Plaintiff has not met his burden on this issue and has not provided specific evidence demonstrating his impairments meet the requirements of any of the listings, the

6

Court will not address this argument further.

### B.  RFC and PRW Determinations

Plaintiff claims the ALJ erred in determining he retains the RFC for his PRW. ECF No. 10 at 12-18. In making this argument, Plaintiff lists all of his impairments and claims the ALJ did not properly consider those impairments. ECF No. 10 at 15-16. They are the following: (1)"severe sleep apnea, not controlled by BiPAP"; (2) "severe hypoxemia;" (3) "chronic HBP [high blood pressure]"; (4) chronic back pain; (5) anxiety; (6) congestive heart failure; (7) "hypertensive heart disease"; (8) "BMI 38.55"; and (9) "anger." *Id.* The Court will consider each of those impairments.

First, Plaintiff claims he suffers from disabling sleep apnea "not controlled by BiPAP." ECF No. 10 at 15. However, according to the sleep study Plaintiff references in support of his claim, his sleep apnea "*markedly improves* with BiPAP." (Tr. 294) (emphasis added). Further, this sleep study was on March 10, 2010. *Id.* After this sleep study, Plaintiff was directed to undergo further evaluations in an attempt to improve his sleep apnea. *Id.* Despite this recommendation, Plaintiff has not provided any evidence demonstrating he sought further treatment for his sleep apnea. *See* ECF No. 10 at 12-18. Thus, the Court cannot find the ALJ erred in evaluating Plaintiff's sleep apnea.

Second, Plaintiff claims he suffers from "severe hypoxemia" or low blood oxygen caused by sleep apnea. ECF No. 10 at 15. Again, in support of his claim, Plaintiff references the sleep study from March 10, 2010. Although "severe hypoxemia" is referenced, there is no indication Plaintiff sought any further treatment in an attempt to remedy this problem. Thus, the Court cannot find the ALJ erred in evaluating this impairment.

Third, Plaintiff claims the ALJ erred in evaluating his chronic high blood pressure. ECF No.

10 at 15. In support of his claim that he suffers from disabling chronic high blood pressure, Plaintiff again cites to the sleep study from March 10, 2010. (Tr. 295). This record, however, makes no mention of Plaintiff's chronic high blood pressure. Plaintiff has offered no other support for his claim that he suffers from disabling high blood pressure. Upon review of the ALJ's decision, he did consider Plaintiff's high blood pressure and found Plaintiff suffered from the severe impairment of "benign hypertension." (Tr. 13, Finding 3).

However, after reviewing the evidence in Plaintiff's case, the ALJ found this impairment was not disabling. As the ALJ noted, despite Plaintiff's complaint of disabling high blood pressure, he did not seek consistent medical treatment for this and his other impairments, did not "return required documentation for assistance with payment of his medical bills," did not stop drinking and smoking as he had been advised to do, and could perform a number of considerable daily activities including at one point "working on building a barn with a friend." (Tr. 14-20). Thus, again, the Court finds no basis for reversal on this issue.

Fourth, Plaintiff claims his chronic back pain, anxiety, congestive heart failure, "hypertensive heart disease," "BMI 38.55," and "anger" are disabling. ECF No. 10 at 15-16. These are newly-raised disabling impairments. In his application for benefits and at the administrative hearing in this matter, Plaintiff did not allege these impairments were disabling. (Tr. 26-43, 183). Thus, the ALJ was under no obligation to investigate these impairments. *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'" (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))).

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of July 2015.**

> /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE